**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Suite 1140
Oakland, California 94612
Tel: (510) 929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| B.R., by and through his guardian ad litem, MAKENZIE RUSSELL, individually and as successor-in-interest to BRIAN ALEXANDER RUSSELL;<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, and DOES 1-50, inclusive.<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C § 1983)<br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

1. On February 13, 2021, Mr. Brian Alexander Russell was taken into the custody of the City and County of San Francisco Sheriff's Department at the San Francisco County Jail. During the intake process, Mr. Russell informed employees of the San Francisco County Jail that he had a history of narcotic usage and had recently used narcotics, including opioids. Jail staff then placed Mr. Russell into a detox cell.

2. Individuals who regularly use opioids are at a high risk of experiencing symptoms of opiate withdrawal if they are forced to suddenly stop all opiate usage. Symptoms include intense cravings, difficulty breathing, nausea, restlessness, anxiety, diarrhea, and vomiting. The onset of fully developed opiate withdrawal can occur anywhere between 12 to 96 hours after the last use.[1] Depending on the type of opiate and level of physical dependence, symptoms can last anywhere from one to four weeks. Without proper medical supervision and withdrawal management, complications with opiate withdrawal symptoms pose a significant risk of death. There is a consensus among advisory organizations, including the Federal Bureau of Prisons and the World Health Organization, that jails should provide medical supervision of detainees experiencing withdrawal from alcohol or illegal substances.[2]

3. The fact that Mr. Russell was initially placed in a detox cell indicates that employees of San Francisco County were aware of the risk that Mr. Russell would experience symptoms of opiate withdrawal. Despite this knowledge of risk, Jail staff confoundingly still elected to remove Mr. Russell from the detox cell and place him by himself in another cell less than 72 hours after his initial intake—well-within the time window in which symptoms of fully developed opiate withdrawal can occur.

4. On February 16, 2021, approximately 12 hours after being removed from the detox cell, Mr. Russell presented obvious and visible symptoms characteristic of opioid withdrawal. For example, Jail staff reported him complaining of shortness of breath and

---

[1] Substance Abuse and Mental Health Services Administration. *Medications for Opioid Use Disorder.* https://store.samhsa.gov/sites/default/files/SAMHSA_Digital_Download/PEP21-02-01-002.pdf

[2] Center for Health and Justice. *Safe Withdrawal in Jail Settings.* https://www.centerforhealthandjustice.org/tascblog/Images/documents/Publications/Safe%20Withdrawal%20in%20Jail_010918.pdf

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

observed him pacing in his cell. Yet Jail staff did not request medical services until they found Mr. Russell having a seizure in his cell.

5. When medical professionals arrived to the scene, they encountered Mr. Russell lying on the floor of his cell, throwing up coffee-colored vomit. His skin was mottled with a purple hue. Mr. Russell stopped breathing and efforts to resuscitate him were unsuccessful. He was pronounced dead at 2:40 p.m. on February 16, 2021.

6. An autopsy performed on Mr. Russell found that he was a healthy 36-year-old man at the time of his death. Yet even otherwise healthy individuals can die from opioid withdrawal complications if they are not provided the proper medical attention. Mr. Russell's death was both needless and caused by the failure of San Francisco County Jail staff to provide the level of medical care and supervision necessary during the crucial time window in which opiate withdrawal complications pose the largest risk to life. The fact that the staff knew Mr. Russell was at risk of such complications and placed him in a detox cell, only to remove him from it far too soon, illustrates the level of complicity and egregiousness present in Defendants' failure to provide Mr. Russell adequate medical care while he was in custody. Tragically, it is a failure that cost Mr. Russell his life and Plaintiff a loving father.

## JURISDICTION

7. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district.

**PARTIES**

8. Decedent BRIAN ALEXANDER RUSSELL was an adult, and died intestate, survived by his only child, minor B.R.

9. Plaintiff B.R. is the minor son of Decedent BRIAN ALEXANDER RUSSELL and his mother MAKENZIE RUSSELL. Plaintiff B.R., by and through his guardian ad litem, MAKENZIE RUSSELL, brings these claims individually and on behalf of Decedent BRIAN ALEXANDER RUSSELL pursuant to California Code of Civil Procedure §§377.20 et seq. and 377.60 et seq., which provide for survival and wrongful death actions. The wrongful death and survival claims survive the death of BRIAN ALEXANDER RUSSELL; both arise from the same wrongful act or neglect of another; and such claims are properly joined pursuant to California Code of Civil Procedure §377.62. Plaintiff also bring his claim on the basis of 42 USC §§1983 and 1988, the United States Constitution, and federal civil rights law. Plaintiff also bring these claims as Private Attorney General, to vindicate not only his rights, but also others' civil rights of great importance.

10. Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter "COUNTY") is a municipal public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY possesses the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the SAN FRANCISCO COUNTY JAIL and the SAN FRANCISCO SHERIFF'S DEPARTMENT and its tactics, methods, practices, customs, and usage. At all relevant times, Defendant COUNTY was the employer of DOES 1-50, individually and as peace officers and is vicariously liable for their employees' actions.

11. Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 25, inclusive. Plaintiff will amend this Complaint to allege said Defendants true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges that DOES 1 through 25, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 25, inclusive, when they have been ascertained.

12. Plaintiff is ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named was employed by Defendant COUNTY at the time of the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26 through 50 were responsible for the training, supervision and/or conduct of the police officers and/or agents involved in the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

13. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for CITY AND COUNTY OF SAN FRANCISCO.

14. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

15. Due to the acts and/or omissions alleged herein, Defendants, and each of them, act as the agent, servant, and employee and/or concert with each of said other Defendants herein.

16. Plaintiff filed a timely government tort claim with the County, and CITY AND COUNTY OF SAN FRANCISCO rejected the claim by operation of law.

**FACTUAL ALLEGATIONS**

17. On February 13, 2021, Mr. Russell was taken into the custody and care of the City and County of San Francisco Sheriff's Department at the San Francisco County Jail. Jail staff then initiated the intake process with Mr. Russell. During this process, Mr. Russell informed Jail staff that he had a history of taking narcotics, including opioids. He also informed them that he had recently used methamphetamine and heroin. Following Mr. Russell's disclosure of opioid usage, San Francisco County Jail staff placed him in a detox cell.

18. On either February 15, 2021, or the early morning hours of February 16, 2021, San Francisco County Jail staff removed Mr. Russell from the detox cell and placed him into another cell in E-pod. Jail staff elected to leave Mr. Russell by himself in this cell.

19. On February 16, 2021, approximately 12 hours after being moved from the detox cell, Mr. Russell called out for help because he was experiencing shortness of breath, a known symptom of opioid withdrawal. Jail staff observed Mr. Russell pacing in his cell; restlessness is another known opioid withdrawal symptom. However, Jail staff did not summon medical care until Mr. Russell was found having a seizure in his cell.

20. When the medical professionals arrived, they found Mr. Russell lying on the floor of his cell, throwing up coffee-colored vomit. His skin was mottled and had a purple hue. Soon after, Mr. Russell stopped breathing and the medical responders' efforts to resuscitate him were unsuccessful. Mr. Russell was pronounced dead at 2:40 p.m. on February 16, 2021.

21. San Francisco County Jail staff knew from Mr. Russell's initial intake on February 13, 2021, that he had a history of consuming opioids and had recently done so. In response, the staff forced Mr. Russell to detox from narcotics without proper medical supervision and adequate withdrawal management. After San Francisco County Jail staff transferred Mr. Russell to a cell in E-pod, he presented fully developed, life-threatening withdrawal symptoms within the established period of time for these symptoms to become present.

22. Opioid withdrawal is widely known to last from one to four weeks depending on patient characteristics. The onset of fully developed withdrawal symptoms typically occurs within 12 to 96 hours from the last opioid use and can last up to two weeks. Symptoms include intense cravings, difficulty breathing, nausea, restlessness, anxiety, diarrhea, and vomiting.

23. DOES 1-25, employees of San Francisco County Jail, knew and had reason to know that Mr. Russell was at risk of suffering severe, deadly opioid withdrawal without administration of medical care. Nevertheless, DOES 1-25 removed Mr. Russell from the detox cell well-within the window of time in which fully-developed opioid withdrawal symptoms may occur. This made proper medical supervision of Mr. Russell impossible.

24. Due to the deliberate indifference of the employees of the San Francisco County Jail and Sheriff's deputies, Mr. Russell and Plaintiff suffered emotional distress, pain, and suffering.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

25. Plaintiff served Defendant CCSF with a California Public Records Act Requests for the relevant documents to identify the involved and liable parties but Defendant CCSF refused to disclose any information.

**DAMAGES**

26. As a direct and proximate result of each of the Defendants' deliberate indifference to Mr. Russell's obvious medical condition and distress, Decedent and Plaintiff suffered injuries, emotion distress, fear, terror, anxiety, and loss of sense of security, dignity, and pride as United States Citizens.

27. As a direct and proximate result of each Defendants' acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others.

a. Wrongful death of BRIAN ALEXANDER RUSSELL;

b. Hospital and medical expenses;

c. Coroner's fees, funeral and burial expenses;

d. Loss of familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support;

e. Pain and Suffering, including emotional distress (by all Plaintiffs, based on individual §1983 claim for loss of familial association);

f. BRIAN ALEXANDER RUSSELL'S conscious pain and suffering, pursuant to federal civil rights law (Survival claims);

g. BRIAN ALEXANDER RUSSELL'S loss of life, pursuant to federal civil rights law; and

h. Violation of constitutional rights;

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

i. All damages, penalties, and attorneys' fees and costs recoverable under 42 U.S.C. §§ 1983, 1988; California Civil Code §§ 52, 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

**28.** The conduct of Defendants CITY AND COUNTY OF SAN FRANCISCO and DOES 1-50 was malicious, wanton, oppressive, and in reckless disregard of the rights and safety of BRIAN ALEXANDER RUSSELL, Plaintiff, and the public. Plaintiff is therefore entitled to an award of punitive damages against Defendant DOES 1-50.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourteenth Amendment – Deliberate Indifference & Familial Loss under 42 U.S.C. Section 1983)**

*(PLAINTIFF individually and as successor-in-interest against DOES 1-25)*

29. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

30. By the actions and omissions described above, Defendants violated 42 U.S.C. § 1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourteenth Amendments to the United States Constitution:

a. The right to be free from deliberate indifference to Decedent's serious medical needs while in custody as secured by the Fourteenth Amendment.

b. The right to familial association

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

31. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein with reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

32. As a result of their misconduct, Defendants are liable for Plaintiff's injuries and/or damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
*(PLAINTIFF individually and as successor-in-interest against CITY AND COUNTY OF SAN FRANCISCO and DOES 1-25)*

33. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

34. Plaintiff brings this "Bane Act" claim individually for direct violation of his own rights.

35. By their conduct described herein, Defendants and Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

a. Being deliberately indifferent to Decedent's constitutional right to attendance to his serious medical need in violation of the Fourteenth Amendment.

b. Plaintiff's constitutional right to familial association with his father in violation of the Fourteenth Amendment.

36. All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

37. Defendant CITY AND COUNTY OF SAN FRANCISCO is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

38. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendants and Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorney's fees, treble damages, and civil penalties.

**THIRD CAUSE OF ACTION**
**(Negligence & Wrongful Death)**
(*PLAINTIFF individually and as successor-in interest against CITY AND COUNTY OF SAN FRANCISCO and DOES 1-25*)

39. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

40. At all times, Defendants and Does owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

41. At all times, Defendants and Does owed Plaintiff the duty to act with reasonable care.

42. These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

a. to provide medical attention to Decedent's serious medical needs;

b. to refrain from abusing their authority granted them by law;

c. to refrain from violating Plaintiff and Decedent's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

43. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Decedent and Plaintiff.

44. Defendant CITY AND COUNTY OF SAN FRANCISCO is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

45. As a direct and proximate result of Defendant's negligence, Plaintiff and Decedent sustained injuries and damages, Cal. Code of Civ. Proc. §§ 377.20 et seq., 377.60 et seq., 1021.5, and against each and every Defendant is entitled to relief as set forth above.

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

## PRAYER

Wherefore, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages against DOES 1-50;
4. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, Cal. Code of Civ. Proc. §§ 377.20 et seq., 377.60 et seq., 1021.5 and as otherwise may be allowed

by California and/or federal law against Defendant CITY AND COUNTY OF SAN FRANCISCO and its employees;

5. For cost of suit herein incurred; and

6. For such other and further relief as the Court deems just and proper.

Date: October 13, 2021

Respectfully submitted,

**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**

/s/ Patrick Buelna
PATRICK M. BUELNA
ADANTÉ D. POINTER
COUNSEL FOR PLAINTIFF