DAVID CHIU, State Bar #189542
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
JAMES F. HANNAWALT, State Bar #139657
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3913
Facsimile:     (415) 554-3837
E-Mail:        James.Hannawalt@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
ALBERT CHAN, EDMUND CHAN,
PATRICK LEONG and CHRISTA GALLAGHER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.R., by and through his guardian ad litem, MAKENZIE RUSSELL, individually and as successor-in-interest to BRIAN ALEXANDER RUSSELL<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; Defendant ALBERT CHAN, in his individual capacity; Defendant EDMUND CHAN, in his individual capacity; Defendant LATISHA DUREE, in her individual capacity; Defendant PATRICK LEONG, in his individual capacity; Defendant CHRISTA GALLAGHER, in her individual capacity; and DOES 1-50, inclusive.<br><br>Defendants. | Case No. 3:21-cv-08014-WHO<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Trial Date:          Not Set. |

Defendants CITY AND COUNTY OF SAN FRANCISCO, ALBERT CHAN, in his individual

capacity; EDMUND CHAN, in his individual capacity; LATISHA DUREE, in her individual

capacity; PATRICK LEONG, in his individual capacity; and CHRISTA GALLAGHER, in her individual capacity hereby answer Plaintiff's First Amended Complaint.

## INTRODUCTION

1. Admit that Brian Russell was arrested on February 13, 2021 and taken to jail. Admit that Mr. Russell died of fentanyl and methamphetamine overdose on February 16, 2021 while at the jail. Defendants deny Mr. Russell's death was due to confounding, negligent decisions by jail medical personnel. Defendants admit that Mr. Russell's death was tragic and could have been avoided by him.

2. Admit that Brian Russell was arrested on February 13, 2021 and booked into the county jail and that he advised medical personnel at the jail that he had taken heroin hours before his arrest. Admit that Brian Russell was placed in a holding cell in County Jail 1 ("CJ1") before he was moved to Pod F in County Jail 2 ("CJ2").

3. Denied.

## JURISDICTION

4. Defendants contend that the allegations contained in this paragraph state a conclusion of law that requires no response from Defendants. Further, Defendants deny any unlawful practice.

## PARTIES

5. Defendants presently lack sufficient information to admit or deny the allegations of this paragraph.

6. Defendants contend that the allegations contained in this paragraph state a conclusion of law that requires no response from Defendants

7. Defendants deny the City and County is vicariously liable for the Section 1983 causes of action alleged against its employees. Otherwise, defendants admit the allegations of paragraph 7.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

///

13. Defendants contend that the allegations contained in this paragraph require no response from Defendants.

14. Defendants presently lack sufficient information to admit or deny the allegations of this paragraph because Plaintiff has not identified Doe Defendants or described their conduct.

15. Defendants presently lack sufficient information to admit or deny the allegations of this paragraph because Plaintiff has not identified Doe Defendants or described their conduct.

16. Defendants hereby incorporate the responses to each and every paragraph of this Answer in response to the acts and/or omissions alleged in the Amended Complaint. Defendants admit that medical treatment provided to Mr. Russell at the San Francisco County Jail in February 2021 was provided under color of law.

17. Defendants presently lack sufficient information to admit or deny the allegations of this paragraph because Plaintiff has not identified Doe Defendants or described their conduct. Deny that Albert Chan, Edmund Chan, Latisha Duree, Patrick Leong, and/or Christa Gallagher acted as agents, servants, or employees of one another.

18. Admit that Plaintiff filed a government claim.

**FACTUAL ALLEGATIONS**

19. Admit that Brian Russell was taken into custody February 13, 2021 at the San Francisco County Jail. Admit that during medical intake, Brian Russell admitted he uses heroin. Deny that decedent advised that he had recently taken methamphetamine; admit decedent advised medical staff at intake that he had taken Fentanyl 12 hours earlier. Admit that Brian Russell was placed on an opioid withdrawal protocol.

20. Admit that CCSF's opioid withdrawal protocol states: "Cessation of heroin (opiate) use leads to an abstinence syndrome that usually begins 8-12 hours following the last injection. Symptoms reach peak intensity in 36 to 72 hours following withdrawal of the drug. The syndrome runs its course in 5 to 7 days, though craving for the drug may continue for months."

21. Admit that CCSF's opioid withdrawal protocol states: "Patients who are at risk for withdrawal will be placed on the high-risk list and monitored once per shift (TID) x 3 days or more frequently, as needed. Severity signs and symptoms will be assessed using the COWS scale."

22. Admit that while between February 14 and February 16, Mr. Russell's COWS scores varied between 1, 3, 4, 5 at different times.

23. Admit that Mr. Russell was moved to E-POD for isolation pursuant to COVID protocols due to an elevated temperature consistent with COVID while he continued to be monitored pursuant to on opioid withdrawal protocols.

24. Admit that on February 16, 2021 at about 12:40 pm, Deputy Crawford #2035 while making rounds noticed Mr. Russell was pale ands shivering and that Mr., Russell told the deputy that he was cold and was having difficulty breathing. Admit that the deputy called C-Pod for medical help for Mr. Russell. Admit that while on the deputy was on the phone, LVN Albert Chan entered E-Pod and saw Mr. Russell. LVN Chan then called for more medical staff to attend to Mr. Russell.

25. Admit that LVN Albert Chan entered E-Pod and saw Mr. Russell. LVN Chan then called for more medical staff to attend to Mr. Russell. Admit Defendants Patrick Leong, Edmund Chan and Latisha Duree responded to Mr. Russell's cell in response to a call for medical assistance.

26. Admit that Nurse Practitioner Christa Gallagher prescribed buprenorphrine and that was administered by Nurse Edmund Chan. Admit that after the buprenorphrine was administered, Nurse Edmund Chan left Mr. Russell's cell with plans to return to continue monitoring Mr. Russell's condition.

27. Deny the administration of buprenorphrine caused Mr. Russell to experience precipitated withdrawal. Deny that Mr. Russell's COWS score was 3 when he was administered buprenorphrine.

28. Denied.

29. Defendants have insufficient knowledge to admit or deny that it was three to five minutes after Crawford left Mr. Russell's cell that he returned to the cell. Admit that Crawford was told by Mr. Russell stated that he could not breathe out of his mouth. Admit that Mr. Russell was unclothed from the waist down and was seated on the floor. Admit that Crawford made an announcement of a medical emergency over his radio.

30. Admit.

///

31. Admit that when ambulance personnel arrived at CJ2 in response to the medical emergency previously identified by jail medical professionals, Brian Russell was vomiting. Admit that Brian Russell was pronounced dead at 2:40 p.m. at ZSFGH.

32. Admit jail medical staff knew Mr. Russell was at risk for opioid withdrawal. Deny that Defendants did not provide proper medical supervision.

33. Denied.

## DAMAGES

34. Denied.

35. Denied.

36. Denied.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourteenth Amendment – Deliberate Indifference to Serious Medical Needs under 42 U.S.C. Section 1983)**

*(PLAINTIFF as successor-in-interest against Defendants EDMUND CHAN, ALBERT CHAN, DUREE, LEONG, GALLAGHER, and DOES 1-50)*

37. Defendants hereby incorporate the responses to each and every paragraph of this Answer.

38. Denied.

39. Denied.

40. Denied.

### SECOND CAUSE OF ACTION
**(Fourteenth Amendment – Deliberate Indifference & Familial Loss under 42 U.S.C. Section 1983)**

*(Plaintiff individually against Defendants EDMUND CHAN, ALBERT CHAN, DUREE, LEONG, GALLAGHER, and DOES 1-50)*

41. Defendants hereby incorporate the responses to each and every paragraph of this Answer.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

### THIRD CAUSE OF ACTION

### (Violation of the Bane Act (Cal. Civ. Code § 52.1))

*(PLAINTIFF individually and as successor-in-interest against Defendants CCSF, EDMUND CHAN, ALBERT CHAN, DUREE, LEONG, GALLAGHER, and DOES 1-50)*

46. Defendants hereby incorporate the responses to each and every paragraph of this Answer.

47. Defendants contend that the allegations contained in this paragraph state a conclusion of law that requires no response from Defendants.

48. Denied.

49. Denied.

50. Defendants contend that the allegations contained in this paragraph state a conclusion of law that requires no response from Defendants.

51. Denied.

### FOURTH CAUSE OF ACTION

### (Negligence & Wrongful Death)

*(PLAINTIFF individually and as successor-in interest against Defendants CCSF, EDMUND CHAN, ALBERT CHAN, DUREE, LEONG, GALLAGHER, and DOES 1-50)*

52. Defendants hereby incorporate the responses to each and every paragraph of this Answer.

53. Defendants contend that the allegations contained in this paragraph state a conclusion of law that requires no response from Defendants.

54. Defendants contend that the allegations contained in this paragraph state a conclusion of law that requires no response from Defendants.

55. Defendants contend that the allegations contained in this paragraph state a conclusion of law that requires no response from Defendants.

56. Denied.

57. Defendants contend that the allegations contained in this paragraph state a conclusion of law that requires no response from Defendants.

58. Denied.

## JURY DEMAND

Defendants contend that the allegations contained in this paragraph state a conclusion of law that requires no response from Defendants. Defendants hereby demand a jury trial in this action.

59. Defendants requests a jury in this case.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff fails to state Complaints sufficient to constitute a cause of action against any defendants.

## SECOND AFFIRMATIVE DEFENSE

(Comparative Negligence)

Defendants allege by way of a plea of comparative negligence that plaintiff was negligent in and about the matters and activities alleged in the complaint; that said negligence contributed to and was a proximate cause of plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiff is entitled to recover damages against these defendants, then defendants pray that the recovery be diminished or extinguished by reason of the negligence of plaintiff in proportion to the degree of fault attributable to plaintiff.

## THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Defendants allege that the COMPLAINT and each and every cause of action therein is barred because Plaintiff failed to use reasonable diligence to mitigate his alleged damages, and said failure bars or reduces the recovery, if any, from Defendants.

## FOURTH AFFIRMATIVE DEFENSE

(Equitable Defenses)

By reason of Plaintiff's own acts and omissions, Plaintiff is barred by the equitable doctrines of estoppel, laches, unclean hands, and waiver from seeking any recovery or injunctive relief from Defendants by reason of the allegations set forth in Plaintiff's COMPLAINT.

**FIFTH AFFIRMATIVE DEFENSE**

(No Malice or Bad Faith)

Defendants did not act with malice or bad faith, in reckless disregard, or in an oppressive or willful manner, nor did it intend to harm or deprive Plaintiff or any rights.

**SIXTH AFFIRMATIVE DEFENSE**

(Immunity)

Defendants allege that the actions complained of are protected by the doctrine of qualified immunity as set forth in *Anderson v. Creighton*, 107 S.Ct. 3034 (1984) and related cases, absolute immunity and/or the common law immunities protecting peace officers, prosecutors and/or public officials.

**SEVENTH AFFIRMATIVE DEFENSE**

(Defendants' Acts Not A Proximate Cause)

Defendants state that any act or omission on the part of these answering defendants, their agents or employees, was not the proximate cause of Plaintiff's injury.

**EIGHTH AFFIRMATIVE DEFENSE**

(Barred by Tort Claims Act)

Defendants allege that the complaint is barred by the following provisions of the California Tort Claims Act:  Government Code Sections:  815; 815(b); 815.2; 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.8; 821; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 850; 855; 855.4; 855.6; 855.8; 856; 856.4.

**NINTH AFFIRMATIVE DEFENSE**

(Variance Between Tort Claim and Complaint)

Plaintiff's purported causes of action are limited to those factual allegations and theories of recovery set forth in plaintiff's written government tort claim, if any, and that to the extent that the complaint attempts to enlarge or expand upon those allegations and theories, the complaint fails to state a cause of action and is barred pursuant to Government Code §§905, 910, 911.2, 945.5, 950.2 and related provisions.

///

## TENTH AFFIRMATIVE DEFENSE

(Valid Law Enforcement/Prosecutorial Purpose)

Defendants allege that all activities taken regarding the allegations in the COMPLAINT were undertaken for valid law enforcement and/or prosecutorial initiatives.

## ELEVENTH AFFIRMATIVE DEFENSE

(Good Faith)

Defendants allege that the employees, officials and agents of defendants were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiff may have is barred by law.

## TWELFTH AFFIRMATIVE DEFENSE

(Immunity:  Exemplary Damages)

Defendants allege that the City and County of San Francisco, a public entity, is immune from liability for exemplary damages herein pursuant to Section 818 of the California Government Code.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Failure to State Relief Under 42 U.S.C. 1983)

Defendants allege that the Plaintiff has failed to allege facts in the COMPLAINT sufficient to state a claim for relief under 42 U.S.C. 1983 against the City and County of San Francisco, their agents, employees and particularly its police officers.

///

///

///

///

///

///

///

///

///

///

**ADDITIONAL AFFIRMATIVE DEFENSES**

Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendants reserve the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, defendants pray for judgment as follows:

1. That Plaintiff take nothing from Defendants;
2. That the Complaint be dismissed with prejudice;
3. That Defendants recover costs of suit herein, including attorneys' fees; and
4. For such other relief as is just and proper.

Dated: June 13, 2022

        DAVID CHIU
        City Attorney
        MEREDITH B. OSBORN
        Chief Trial Deputy
        JAMES F. HANNAWALT
        Deputy City Attorney

By: _/s/ James F. Hannawalt_
        JAMES F. HANNAWALT

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
ALBERT CHAN, EDMUND CHAN,
PATRICK LEONG AND CHRISTA GALLAGHER